OPINION
{¶ 1} Defendant-appellant Federal Insurance Company appeals the December 20, 2002 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment against it and in favor of plaintiffs-appellees Janice L. Dean, Executrix of the Estate of Kenneth R. Dean, and Raymond Dean, individually.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 30, 1998, decedent, Kenneth Dean, was killed in an automobile accident. Mr. Nicholas Prato is alleged to have caused the collision resulting in Dean's death. Dean was operating his own vehicle at the time of the accident.
 {¶ 3} On the date of the accident, Dean was employed by The Timken Company ("Timken") but was not working at the time of the accident. Royal Insurance Company of America and American and Foreign Insurance Company (collectively "AFIC") insured Timken under two policies, a commercial general liability policy ("CGL") and a commercial auto policy ("CA"). Federal Insurance Company insured Timken under an umbrella policy with limits of $50 million.
 {¶ 4} At the time of the accident, Janice Dean, Kenneth Dean's spouse, was employed at North Canton Medical Foundation. American Alliance Insurance Company and American National Fire Insurance Company issued two separate policies of insurance to North Canton Medical Foundation. American Alliance issued a commercial general liability policy and American National issued an excess umbrella policy with limits of $3,000,000.
 {¶ 5} On the date of the accident, Kenneth and Janice's son, Raymond Dean, was employed by Timken.
 {¶ 6} At the time of the accident, the alleged tortfeasor, Nicholas Prato, was insured by Cincinnati Insurance Company with limits of $100,000/$300,000. The Deans had an automobile policy with Grange with a UIM limit of $150,000. On January 25, 1999, Janice Dean settled with Nicholas Prato for $100,000 and signed a release giving up any further rights against Prato. Subsequently, Janice Dean settled with Grange for $150,000.
 {¶ 7} The instant suite was filed on March 1, 2001. On August 14, 2001, the trial court issued an order specifying the briefs were to concern the coverage issue only. The case was subsequently transferred to another judge. In a judgment entry filed on December 12, 2002, the trial court found coverage under both AFIC policies, the Federal policy and both the American Alliance and American National insurance policies. The trial court did not address the issues of setoff or arbitration.
 {¶ 8} On December 20, 2002, the trial court issued a nunc pro tunc judgment entry including Civ.R. 54(B) language.
 {¶ 9} It is from this judgment entry Federal appeals raising the following assignments of error:
 {¶ 10} "I. The Trial Court Erred In Finding That Plaintiff-appellees (Estate Of Kenneth R. Dean And Raymond E. Dean) Are Entitled To Underinsured Motorist Coverage Under Federal's Commercial Umbrella Policy No. 7973-29-18 Issued To The Timken Company.
 {¶ 11} "II. The Trial Court Erred In Failing To Issue An Order Declaring That Federal's Commercial Umbrella Policy Is `excess Of The Total Applicable Limits Of Underlying Insurance,' That Federal's Policy `will Not Apply Until The Insured Or The Insured's Underlying Insurer Is Obligated To Pay' The Full Amount Of The $5 Million Underlying Limit Coverage, And That Federal's Policy Would Apply (if At All) Only In Excess Of Any `other Insurance' Provided By American Alliance Insurance Company And/or American National Fire Insurance Company.
 {¶ 12} "III. The Trial Court Erred In Failing To Hold That Afic And Federal Are Entitled To A $250,000 Set-off Of Any Settlement Received From The Tortfeasor And The Dean's Underinsured Motorist Carrier."
 {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 14} Civ.R. 56(C) provides, in pertinent part:
 {¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, citing Dresher v. Burt,75 Ohio St.3d 280.
 {¶ 17} It is based upon that standard that we review Federal's assignments of error.
 I {¶ 18} Federal's first assignment of error is sustained on the authority of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___,2003-Ohio-5849; and In Re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d ___, 2003-Ohio-5888.
 II, III {¶ 19} In light of our disposition of Federal's first assignment of error, we overrule these assignments of error as moot.
 {¶ 20} The judgment of the Stark County Court of Common Pleas is reversed.